## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**ALVIN KOTZ**
**Federal Reg. No. 16577-016**
**FCI CUMBERLAND**
**PO Box 1000**
**Cumberland, MD 21501-1000**

     **Plaintiff,**

     **v.**

**HARLEY G. LAPPIN, DIRECTOR,**
**FEDERAL BUREAU OF PRISONS**
**in his official capacity and as an individual**     **Civil No. _____**
**320 First Street, N.W.**
**Washington, D.C. 20534, and**


**FEDERAL BUREAU OF PRISONS,**
**in his official capacity and as an individual**
**320 First Street, N.W.**
**Washington, D.C. 20534,**

     **Defendants.**

## COMPLAINT
### (Declaratory Judgment and Injunctive Relief)

COMES NOW, Alvin Kotz, by and through counsel, and for his cause of action

alleges as follows:

1.     Plaintiff is a citizen of the United States and a resident of the State of Maryland.

2.     Defendant Harley G. Lappin, is the Director, Federal Bureau of Prisons, and as

such operates the Bureau of Prisons (hereinafter the "BOP"), which is an agency of the

United States government and has its principal office at 320 First St., NW., Washington,

D.C. 20534.

3.       Defendant Bureau of Prisons (hereinafter "BOP") is an agency of the United States government and has its principal office at 320 First St., NW., Washington, D.C. 20534.

4.       This is a civil action arising under the laws and Constitution of the United States and this Court has jurisdiction for the complaint herein pursuant to 28 U.S.C. §1331, 28 U.S.C. §§2201 and 2202, 18 U.S.C. § 3626, and Fed. R. Civ.P. 65.

5.       Venue is proper in this District because both defendants are located here.

6.       Plaintiff has exhausted what administrative remedies were available to him and any further administrative process would deprive him of any effective remedy since, if his position is correct, he is entitled to immediate transfer to a halfway house preparatory to his release.

## COUNT 1
### (Declaratory Judgment)

7.       Plaintiff incorporates herein the allegations set forth in paragraphs 1 through 6 above.

8.       Plaintiff incorporates herein the allegations set forth in the Kurtz Declaration he has submitted in support of his Motion for a Temporary Restraining Order, filed contemporaneously herewith.

9.       On October 31, 2005, plaintiff Kotz was sentenced in the District of Maryland to a term of 36 months incarceration. District Judge Chasanow, after a careful review of the Presentence Report, recommended to the Bureau of Prisons ("BOP") that plaintiff Kotz participate in RDAP during his incarceration.

10.       In anticipation of Kotz's impending sentencing and incarceration, in July 2005 Samuel Betts was contacted at the BOP Mid-Atlantic Regional Office by Paul Kurtz of

the Federal Inmates Advocate, who informed Mr. Betts that in December 1998 Kotz had

successfully completed RDAP at FPC Cumberland, MD [make sure facility is correct]

and was awarded a reduction of sentence.

11.     Mr. Betts stated that Kotz's prior participation in the program would not have any

effect on his eligibility for a sentence reduction under § 3621(e) should he be accepted

into RDAP a second time.

12.     On December 16, 2005, Mr. Kurtz wrote to Dr. Mark Simpson, BOP RDAP

Regional Coordinator, to alert him that Kotz would be voluntarily surrendering at FPC

Cumberland in January 2006 and to request that he act to insure Kotz's prompt

participation in RDAP (Exhibit 1 to Kurtz Declaration).

13.     The Bureau of Prisons admitted plaintiff Kotz to the March 2006 "cohort" of

RDAP.

14.     Subsequently on January 23, 2006, Kotz was advised by the BOP authorities at

FPC Cumberland that he was ineligible for a § 3621(e) sentence reduction because of his

prior RDAP participation and ensuing sentence reduction.

15.     On February 23, 2006 Mr. Kurtz wrote to Dr. Simpson again, requesting him to

overrule the RDAP Administrator at FPC Cumberland (within Exhibit 1).

16.     On October 11, 2006, in the final step of the BOP Administrative Remedy

Process, John. M. Vanyur, BOP Assistant Director for Correctional Programs, finally

denied plaintiff Kotz' request to be placed in RDAP as a person eligible for the sentence

reduction (within Exhibit 1).

17.     The BOP presently indicates on its website a projected release date for Kotz of

August 17, 2008. Because all inmates who successfully complete RDAP are granted a

six-month placement in a Residential Re-Entry Center ("RRC") - also known as a

halfway house – Kotz is now projected to be released from FPC Cumberland and

transferred to a RRC on or about February 17, 2008. If Kotz were found to be eligible for

the one-year 18 U.S.C. §3621(e) sentence reduction, he would be transferred from FPC

Cumberland to the RRC on or about May 1, 2007, a date that has now passed.

18.     Program Statement 5330.10 clearly addresses the § 3621(e) eligibility of an

inmate who has "successfully completed a Bureau of Prisons residential drug abuse

program on or after October 1, 1989."

>    Such an inmate *"is otherwise eligible"* if:
>    (i)     The inmate completes all applicable transitional services
>            programs in a community-based program (i.e., in a
>            Community Corrections Center or on home confinement);
>    (ii)    Since completion of the program, the inmate has not been
>            found to have committed a prohibited act involving alcohol
>            or drugs.
>    See, *BOP Program Statement 533.10,* ¶ 6.1.3 (within Exhibit 2).

19.     Notwithstanding the language in Program Statement 5330.10, the BOP relied on

Program Statement 5331.01, which provides, at ¶ 5(c), that "inmates may earn an early

release for successful RDAP completion only once." (Exhibit 3).

20.     Accordingly, the Bureau has determined improperly that Kotz is ineligible for

sentence reduction pursuant to § 3621(e).

21.     Program Statement 5331.01was adopted without being published in the Federal

Register and in violation of the notice requirements set out in the Administrative

Practices Act (Title V).

22.     Attachment "A" of the program statement is a recitation of 28 C.F.R. § 550.58

(CFR Regulation on Early Release), which is the code provision that governs the program

statement itself. Attachment "A" recites the identical language found in ¶ 6.1.3 of P.S.

533.10 and makes no mention of ineligibility due to prior § 3621(e) sentence reduction.

23.     As a result of defendant's application of a regulation that was not in effect,

Plaintiff Kotz was denied a benefit for which he was otherwise eligible.

24.     Plaintiff will suffer irreparable harm because of this BOP policy of denying a

sentence reduction to plaintiff based on the regulation not in effect.

25.     If this Court does not grant a declaratory judgment declaring that BOP's denial of

plaintiff's entitlement for consideration of a sentence reduction, he will be deprived of

equal protection and due process of law and he will be irreparably harmed.


        WHEREFORE, plaintiff requests that this Court issue a declaratory judgment

declaring that BOP's denial of plaintiff's entitlement for consideration of a sentence

reduction was improper and granting injunctive relief to require BOP to consider his

reduction of sentence under the regulations in effect at the time of the denial restraining

BOP from taking any retaliatory action, and granting plaintiff reimbursement of his

attorney's fees, and providing such further relief as this Court deems just and equitable.


        Respectfully submitted,


        _____BWS_____
        Brian W. Shaughnessy
        DC No. 89946
        913 M Street, N.W. Suite 101
        Washington, DC 20001
        (202) 842-1700

        Attorney for Plaintiff

5

Alvin Kotz

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF<br>**(EXCEPT IN U.S. PLAINTIFF CASES)** | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT<br>**(IN U.S. PLAINTIFF CASES ONLY)**<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

1 U.S. Government
Plaintiff

2 U.S. Government
Defendant

3 Federal Question
(U.S. Government Not a Party)

4 Diversity
(Indicate Citizenship of
Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | 1 | 1 | Incorporated or Principal Place<br>of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place<br>of Business in Another State | 5 | 5 |
| Citizen or Subject of a<br>Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

| A. *Antitrust* | B. *Personal Injury/ Malpractice* | C. *Administrative Agency Review* | D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| 410 Antitrust | 310 Airplane<br>315 Airplane Product Liability<br>320 Assault, Libel & Slander<br>330 Federal Employers Liability<br>340 Marine<br>345 Marine Product Liability<br>350 Motor Vehicle<br>355 Motor Vehicle Product Liability<br>360 Other Personal Injury<br>362 Medical Malpractice<br>365 Product Liability<br>368 Asbestos Product Liability | **151 Medicare Act**<br><br>**Social Security:**<br>**861 HIA ((1395ff)**<br>**862 Black Lung (923)**<br>**863 DIWC/DIWW (405(g)**<br>**864 SSID Title XVI**<br>**865 RSI (405(g)**<br>**Other Statutes**<br>**891 Agricultural Acts**<br>**892 Economic Stabilization Act**<br>**893 Environmental Matters**<br>**894 Energy Allocation Act**<br>**890 Other Statutory Actions (If**<br>**Administrative Agency is Involved)** | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| E. *General Civil (Other)* | OR | F. *Pro Se General Civil* | |
|---|---|---|---|
| **Real Property**<br>**210 Land Condemnation**<br>**220 Foreclosure**<br>**230 Rent, Lease & Ejectment**<br>**240 Torts to Land**<br>**245 Tort Product Liability**<br>**290 All Other Real Property**<br><br>**Personal Property**<br>**370 Other Fraud**<br>**371 Truth in Lending**<br>**380 Other Personal Property Damage**<br>**385 Property Damage Product Liability** | **Bankruptcy**<br>**422 Appeal 28 USC 158**<br>**423 Withdrawal 28 USC 157**<br><br>**Prisoner Petitions**<br>**535 Death Penalty**<br>**540 Mandamus & Other**<br>**550 Civil Rights**<br>**555 Prison Condition**<br><br>**Property Rights**<br>**820 Copyrights**<br>**830 Patent**<br>**840 Trademark**<br><br>**Federal Tax Suits**<br>**870 Taxes (US plaintiff or**<br>**defendant**<br>**871 IRS-Third Party 26**<br>**USC  7609** | **Forfeiture/Penalty**<br>**610 Agriculture**<br>**620 Other Food &Drug**<br>**625 Drug Related Seizure**<br>**of Property 21 USC 881**<br>**630 Liquor Laws**<br>**640 RR & Truck**<br>**650 Airline Regs**<br>**660 Occupational**<br>**Safety/Health**<br>**690 Other**<br><br>**Other Statutes**<br>**400 State Reapportionment**<br>**430 Banks & Banking**<br>**450 Commerce/ICC**<br>**Rates/etc.**<br>**460 Deportation** | **470 Racketeer Influenced &**<br>**Corrupt Organizations**<br>**480 Consumer Credit**<br>**490 Cable/Satellite TV**<br>**810 Selective Service**<br>**850 Securities/Commodities/**<br>**Exchange**<br>**875 Customer Challenge 12 USC**<br>**3410**<br>**900 Appeal of fee determination**<br>**under equal access to Justice**<br>**950 Constitutionality of State**<br>**Statutes**<br>**890 Other Statutory Actions (if**<br>**not administrative agency**<br>**review or Privacy Act** |

| G. *Habeas Corpus/ 2255* | H. *Employment Discrimination* | I. *FOIA/PRIVACY ACT* | J. *Student Loan* |
|---|---|---|---|
| 530 Habeas Corpus-General<br>510 Motion/Vacate Sentence | 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | 895 Freedom of Information Act<br>890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | 152 Recovery of Defaulted Student Loans (excluding veterans) |

| K. *Labor/ERISA (non-employment)* | L. *Other Civil Rights (non-employment)* | M. *Contract* | N. *Three-Judge Court* |
|---|---|---|---|
| 710 Fair Labor Standards Act<br>720 Labor/Mgmt. Relations<br>730 Labor/Mgmt. Reporting & Disclosure Act<br>740 Labor Railway Act<br>790 Other Labor Litigation<br>791 Empl. Ret. Inc. Security Act | 441 Voting (if not Voting Rights Act)<br>443 Housing/Accommodations<br>444 Welfare<br>440 Other Civil Rights<br>445 American w/Disabilities-Employment<br>446 Americans w/Disabilities-Other | 110 Insurance<br>120 Marine<br>130 Miller Act<br>140 Negotiable Instrument<br>150 Recovery of Overpayment & Enforcement of Judgment<br>153 Recovery of Overpayment of Veteran's Benefits<br>160 Stockholder's Suits<br>190 Other Contracts<br>195 Contract Product Liability<br>196 Franchise | 441 Civil Rights-Voting (if Voting Rights Act) |

---

## V. ORIGIN

| 1 Original Proceeding | 2 Removed from State Court | 3 Remanded from Appellate Court | 4 Reinstated or Reopened | 5 Transferred from another district (specify) | 6 Multi district Litigation | 7 Appeal to District Judge from Mag. Judge |
|---|---|---|---|---|---|---|

---

## VI.  CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

---

**VII. REQUESTED IN COMPLAINT**       CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23       **DEMAND $**       Check YES only if demanded in complaint
**JURY DEMAND:**       YES       NO

**VIII. RELATED CASE(S) IF ANY**       (See instruction)       YES       NO       If yes, please complete related case form.

**DATE**       **SIGNATURE OF ATTORNEY OF RECORD**

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
#### Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  Listed below are tips for completing the civil cover sheet.  These tips coincide with the Roman Numerals on the Cover Sheet.

I.      COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT  (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C.,  and 99999 if plaintiff is outside the United States.

III.     CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section **II**.

IV.     CASE ASSIGNMENT AND NATURE OF SUIT:   The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint.  You may select only <u>one</u> category.  You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.     CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.