UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALVIN KOTZ<br>Federal Reg. No. 16577-016<br>FCI CUMBERLAND<br>PO Box 1000<br>Cumberland, MD 21501-1000,<br><br>      Plaintiff,<br><br>      v.<br><br>HARLEY G. LAPPIN, DIRECTOR,<br>FEDERAL BUREAU OF PRISONS<br>in his official capacity and as an individual<br>320 First Street, N.W.<br>Washington, D.C. 20534, and<br><br><br>FEDERAL BUREAU OF PRISONS,<br>in his official capacity and as an individual<br>320 First Street, N.W.<br>Washington, D.C. 20534,<br><br>      Defendants. | Civil No. _____ |

## MOTION FOR A TEMPORARY RESTRAINING ORDER

COMES NOW plaintiff Alvin Kotz, by and through counsel, and respectfully moves this Court to issue a temporary restraining order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure against defendant Bureau of Prisons, defendant Lappin, and the BOP employees. As grounds therefore, plaintiff incorporates by reference his Memorandum in Support of a Temporary Restraining Order and the Declaration of Paul Kurtz.

WHEREFORE, plaintiff requests that a temporary restraining order be entered requiring the Bureau of Prisons to reverse the denial of a reduction in sentence for

2

plaintiff's participation in the RDAP program. Plaintiff requests that bond be waived or set in a <u>de minimus</u> amount.

                                                Respectfully submitted,

                                                _____BWS_____
Brian W. Shaughnessy, DC 89946
913 M Street, N.W.
Suite 101
Washington, D.C. 20001
(202) 842-1700

Attorney for Plaintiff
Alvin Kotz

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALVIN KOTZ<br>Federal Reg. No. 16577-016<br>FCI CUMBERLAND<br>PO Box 1000<br>Cumberland, MD 21501-1000,<br><br>    Plaintiff,<br><br>    v.<br><br>HARLEY G. LAPPIN, DIRECTOR,<br>FEDERAL BUREAU OF PRISONS<br>in his official capacity and as an individual<br>320 First Street, N.W.<br>Washington, D.C. 20534, and<br><br><br>FEDERAL BUREAU OF PRISONS,<br>in his official capacity and as an individual<br>320 First Street, N.W.<br>Washington, D.C. 20534,<br><br>    Defendants. | Civil No. _____ |

## MEMORANDUM IN SUPPORT OF A TEMPORARY RESTRAINING ORDER

    COMES NOW plaintiff Alvin Kotz, by and through counsel, and in support of his Motion for a Temporary Restraining Order states as follows:

### FACTUAL BACKGROUND

1. On October 31, 2005, plaintiff Kotz was sentenced in the District of Maryland to a term of 36 months incarceration. District Judge Chasanow, after a careful review of the Presentence Report, recommended to the Bureau of Prisons ("BOP") that plaintiff Kotz participate in RDAP during his incarceration.

2. In anticipation of Kotz's impending sentencing and incarceration, in July 2005, Samuel Betts was contacted at the BOP Mid-Atlantic Regional Office by Paul C. Kurtz Executive Director of Federal Inmates Advocates, who informed Mr. Betts that in December 1998 Kotz had successfully completed RDAP at FPC Cumberland, MD and was awarded a ten-month reduction of sentence. *Declaration of Paul C. Kurtz,* 5/4/2007 (Exhibit 1).

3. Mr. Betts, an administrator in the BOP Regional Office, stated that pursuant to BOP current regulations Kotz's prior participation in the program would not have disqualified him from eligibility for a sentence reduction under § 3621(e) should he be accepted into RDAP a second time.

4. On December 16, 2005, Mr. Kurtz wrote to Dr. Mark Simpson, BOP RDAP Regional Coordinator, to alert him that Kotz would be voluntarily surrendering at FPC Cumberland in January 2006 and to request that he act to insure Kotz's prompt participation in RDAP (Exhibit 1).

5. The Bureau of Prisons admitted plaintiff Kotz to the March 2006 "cohort" of RDAP.

6. Subsequently, on January 23, 2006, Kotz was advised by the BOP authorities at FPC Cumberland that he was ineligible for a § 3621(e) sentence reduction because of his prior RDAP participation and ensuing sentence reduction (within Exhibit 2).

7. On February 23, 2006 Mr. Kurtz wrote to Dr. Simpson again, requesting him to overrule the RDAP Administrator at FPC Cumberland (within Exhibit 3).

8. On October 11, 2006, in the final step of the BOP Administrative Remedy process, John M. Vanyur, BOP Assistant Director for Correctional Programs, finally

denied plaintiff Kotz' request to be placed in RDAP as a person eligible for the sentence reduction (within Exhibit 4).

9. The BOP presently indicates on its website a projected release date for Kotz of August 17, 2008. Because all inmates who successfully complete RDAP are granted a six-month placement in a Residential Re-Entry Center ("RRC") - also known as a halfway house – Kotz is now projected to be released from FPC Cumberland and transferred to a RRC on or about February 17, 2008.

10. If Kotz were found to be eligible for the one-year 18 U.S.C. §3621(e) sentence reduction, he would be transferred from FPC Cumberland to the RRC on or about May 1, 2007, a date that has now passed.

## LEGAL STANDARD

It is well established that to obtain a temporary restraining order or preliminary injunction, the plaintiff must demonstrate (1) a substantial likelihood of success on the merits, (2) that it would suffer irreparable injury if the requested relief is not granted, (3) that an order or injunction would not substantially injure other interested parties, and (4) that the public interest would be furthered by the temporary restraining order or injunction. *Cobell v. Norton,* 391 F.3d 251, 258 (D.C. Cir. 2004); *Katz v. Georgetown University,* 246 F.3d 685, 687-88 (D.C. Cir. 2001); *City Fed Financial Corp. v. Office of Thrift Supervision,* 58 F.3d 738, 746 (D.C. Cir. 1995); *Sea Containers Ltd. v. Stena AB,* 890 F.2d 1205, 1208 (D.C. Cir. 1989); and *Mova Pharmaceutical Corp. v. Shalala,* 140 F.3d 1060 (D.C.Cir.1998).

The trial court is to balance those factors, not necessarily giving equal weight to each. "If the arguments for one factor are particularly strong, an injunction may issue

even if the arguments in other areas are rather weak." *Office of Thrift Supervision* at 746; *Cuomo v. United States Nuclear Regulatory Comm'n.,* 772 F.2d 972, 974 (D.C. Cir. 1985). "The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated. Although the grant of interim relief is an extraordinary remedy, it should be granted in the limited circumstances which clearly demand it." *See, United States v. Jefferson Co.,* 720 F.2d 1511, 1519 (11th Cir. 1983).

The trial court is to balance those factors, not necessarily giving equal weight to each. "If the arguments for one factor are particularly strong, an injunction may issue even if the arguments in other areas are rather weak." *Office of Thrift Supervision* at 746; *Cuomo v. United States Nuclear Regulatory Comm'n.* 772 F.2d 972, 974 (D.C. Cir. 1985). "The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated. Although the grant of interim relief is an extraordinary remedy, it should be granted in the limited circumstances which clearly demand it." *See, United States v. Jefferson Co.,* 720 F.2d 1511, 1519 (11th Cir. 1983). Here, both factors strongly favor plaintiff Kotz.

## ARGUMENT

### I.        The Balance of Hardships Favors the Plaintiff.

"Although the decision to grant or deny interlocutory injunctive relief depends upon a flexible interplay among all the factors considered, it is clear that the two more important factors are those of probable irreparable injury to the plaintiff without a decree and of likely harm to the defendant with a decree." *Maryland Undercoating Co., Inc. v. Payne,* 603 F.2d 477, 481 n.9 (4th Cir. 1979). And in any suit for injunctive relief the balance of

hardships may be tipped by the strength of the plaintiff's showing of a likelihood of success on the merits. *Washington Metropolitan Area Transit Authority v. Holiday Tours, Inc.,* 559 F.2d 841, 844 (D.C.Cir.1977); *accord, Federal Trade Commission, v. Weyerhaeuser Company, Et Al,* No. 81-1346 (D.C. Cir. 09/01/81) (Mikva, C.J., dissenting). In this case, the balance of hardship favors the plaintiff.

A. **The Plaintiff Will Suffer Irreparable Harm If He Is Not Made Eligible For A Sentence Reduction**

Mr. Kotz is a seventy-one year old inmate who was sentenced to three years, and he voluntarily reported to FPC Cumberland as directed. He was accepted into the RDAP program as the District Judge had recommended, but on January 23, 2006, the BOP informed Mr. Kotz that he would not be eligible for a sentence reduction because he had previously participated in RDAP and received a sentence reduction. At this time plaintiff Kotz has less than two years on his sentence as imposed and, with the RDAP program factored in, will be quite close to the expiration of his term if a sentence reduction under RDAP is granted. If relief is not granted soon, plaintiff will have no remedy.

In approving injunctive relief, the Court stated in *Elrod v. Burns*, 437 U.S. 347, 374 (1976) that since the injury was either threatened or in fact being impaired at the time relief was sought, a preliminary injunction was appropriately granted to protect the plaintiffs from irreparable injury. As a result of the BOP's arbitrary and capricious action, Mr. Kotz's liberty will be restricted by approximately one year Moreover, he will suffer an absolute, irrevocable loss of that liberty that he had expected, been promised, was entitled to, but deprived of because of an unauthorized change in the BOP policy

B. **The BOP Will Suffer No Harm and the Public Interest will be Served.**

5

Finally, the Bureau of Prisons will suffer no perceivable harm if the requested relief is granted. Whether Mr. Kotz is granted admission to RDAP and its benefits, including a reduction of sentence, the BOP will not suffer and the public interest may be served, as the sentencing judge hoped, by the BOP's adherence to its existing regulations and Mr. Kotz's full participation in the program, including a possible sentence reduction.

**2.     Mr. Kotz Has Demonstrated a Likelihood of Success on the Merits.**

Mr. Kotz acquired a liberty interest in obtaining the full benefit of the RDAP program for which he qualified and to which he was admitted. The BOP's arbitrary and capricious transfer deprived him of those liberty interests.

A protected liberty interest may arise from policy statements issued by the BOP and the warden of a federal facility. *Walker v. Hughes,* 558 F.2d 1247, 1254-56 (6th Cir. 1977). *See, also, Bills v. Henderson,* 631 F.2d 1287, 1289 (6th Cir. 1980) (finding liberty interest based on rule contained in "Adult Service Policies and Procedures Manual of the Department of Correction (Guidelines)"). Similarly, the Tenth Circuit found a protected liberty interest in an "official statement of policy" in a manual adopted by the administrator of one particular state penitentiary. *Gurule v. Wilson,* 635 F.2d 782, 785 (10th Cir. 1980). *See, also, Vitek v. Jones,* 445 U.S. 480, 489-90 (1980) (state statute created liberty interest precluding arbitrary transfer of prisoners to mental institutions); *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex,* 442 U.S. 1, 12 (1979) (state statute created legitimate expectation of parole warranting due process protection); *Wolff v. McDonnell,* 418 U.S. 539, 557 (state statute created right to good-time credits).

Mr. Kotz qualified for the RDAP program and its consequent sentence reduction, was admitted to it, and had its benefits taken away by the improper application of the BOP regulations. Program Statement 5330.10, the policy in effect at the time of Mr. Kotz's admission into the RDAP program, clearly addresses the § 3621(e) eligibility of an inmate who has "successfully completed a Bureau of Prisons residential drug abuse program on or after October 1, 1989."

> Such an inmate *"is otherwise eligible"* if:
> (i) The inmate completes all applicable transitional services programs in a community-based program (i.e., in a Community Corrections Center or on home confinement);
> (ii) Since completion of the program, the inmate has not been found to have committed a prohibited act involving alcohol or drugs.

See, *BOP Program Statement 533.10,* ¶ 6.1.3 (Exhibit 2).

Notwithstanding the language in Program Statement 5330.10, in order to conclude that Kotz was ineligible for a § 3621(e) sentence reduction, the BOP improperly relied on Program Statement 5331.01, which provides, at ¶ 5(c), that "inmates may earn an early release for successful RDAP completion only once."

This use of Program Statement 5331.01 is improper. Program Statement 5331.01was adopted without being published in the Federal Register in violation of the notice requirements set out in the Administrative Practices Act (Title V). Attachment "A" of the program statement is a recitation of 28 C.F.R. § 550.58 (CFR Regulation on Early Release), which is the code provision that governs the program statement itself. Attachment "A" recites the identical language found in ¶ 6.1.3 of Program Statement 533.10 and makes no mention of ineligibility due to prior § 3621(e) sentence reduction. Thus, the identified BOP Program Statement and the practice of adhering to it created a

7

liberty interest as required by *Olim v. Wakinekona,* 461 U.S. 238 (*quoting Connecticut Board of Pardons v. Dumschat,* 452 U.S. 458, 467 (1981) (Brennan, J., concurring)).

It is well settled that decisions made by the BOP must not be arbitrary or capricious and must demonstrate "a rational connection between the facts found and the choice made." *See, generally,* 5 U.S.C. § 706(2)(A); *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto Ins. Co.,* 463 U.S. 29, 43 (1983).

Here, Program Statement 5330.10, in effect at the time of Mr. Kotz's denial of the benefits of the RDP program, which created a liberty interest, was ignored and Program Statement 5331.01was used by the BOP decision-maker, despite its not being in effect. The BOP's failure to apply the Program Statement in effect at the time of the decision was arbitrary and capricious and deprived Mr. Kotz of eligibility for the sentence reduction he was entitled to under the Program Statement then in effect.

3.     **Plaintiff Has Exhausted The Administrative Remedy Process**

The Bureau of Prisons admitted plaintiff Kotz to RDAP and then decided, on January 23, 2006, that he was ineligible for a § 3621(e) sentence reduction because of his prior RDAP participation and ensuing sentence reduction. On March 23, 2006 Mr. Kurtz appealed for Mr. Kotz to Dr. Simpson, requesting him to overrule the RDAP Administrator at FPC Cumberland (within Exhibit 1); and on October 11, 2006 the BOP finally denied plaintiff Kotz' request to be placed in RDAP as a person eligible for the sentence reduction. This action was taken at the BOP's highest level (its Central Office in Washington, D.C.) and was memorialized in a letter from John M. Vanyur, BOP Assistant Director for Correctional Programs.

Moreover, the BOP presently indicates on its website a projected release date for Kotz of August 17, 2008. Because all inmates who successfully complete RDAP are granted a six-month placement in a Residential Re-Entry Center ("RRC") - also known as a halfway house – Kotz is now projected to be released from FPC Cumberland and transferred to a RRC on or about February 17, 2008. If Kotz were found to be eligible for the one-year 18 U.S.C. §3621(e) sentence reduction, he would be transferred from FPC Cumberland to the RRC on or about May 1, 2007, a date that has now passed.

Thus, all of the steps available to Mr. Kotz were pursued and the final denial exhausted the administrative remedies available to him.

Even if there was a further step in the administrative process to be found, in determining whether exhaustion is required, federal courts must balance the interest of the individual in retaining prompt access to a federal judicial forum against countervailing institutional interests favoring exhaustion. "Administrative remedies need not be pursued if the litigant's interests in immediate judicial review outweigh the government's interests in the efficiency or administrative autonomy that the exhaustion doctrine is designed to further." *West v. Bergland,* 611 F.2d 710, 715 (8th Cir. 1979), cert. denied, 449 U.S. 821 (1980). Application of this balancing principle is "intensely practical," *Bowen v. City of New York,* 476 U.S., at 484, citing *Mathews v. Eldridge,* 424 U.S. 319, 331, n. 11 (1976), because attention is directed to both the nature of the claim presented and the characteristics of the particular administrative procedure provided.

Here, the decision was a denial of one of the critical benefits of the RDAP program. Further resort to administrative process would render nugatory any remedy granted since Mr. Kotz, if the correct regulation were applied, would have been eligible

for transfer to a halfway house on or about May 1, 2007. Any further delay will continue to deprive him of his liberty interest. Under these circumstances, Mr. Kotz should not be required to pursue the administrative remedy process any further, even if such process were available.

## CONCLUSION

For the foregoing reasons and others that may be developed in a hearing on this motion, Mr. Kotz respectfully requests that this Court enter an order: preliminarily and permanently enjoining the BOP from depriving him of eligibility for the sentence reduction under RDAP and enjoining the BOP from taking any retaliatory action as a result of the Court's order.

Respectfully submitted,

_____BWS_____
Brian W. Shaughnessy, DCN 89946
913 M Street, NW
Suite 101
Washington, DC  20001
(202) 842-1700

Attorney for Plaintiff
Alvin Kotz

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALVIN KOTZ
Federal Reg. No. 16577-016
FCI CUMBERLAND
PO Box 1000
Cumberland, MD 21501-1000,

   Plaintiff,

  v.

HARLEY G. LAPPIN, DIRECTOR,
FEDERAL BUREAU OF PRISONS
in his official capacity and as an individual
320 First Street, N.W.
Washington, D.C. 20534, and

FEDERAL BUREAU OF PRISONS,
in his official capacity and as an individual
320 First Street, N.W.
Washington, D.C. 20534,

   Defendants.

Civil No. _____

**TEMPORARY RESTRAINING ORDER**

Upon consideration of plaintiff Alvin Kotz's Motion for a Temporary Restraining Order, any response thereto and the entire record herein, it is this \_\_\_ day of May 2007, and the Court having found that:

1.    Plaintiff will suffer irreparable harm and loss if defendants are not required to reverse their order denying plaintiff's consideration for a reduction of sentence;

2.    Plaintiff has no adequate remedy at law;

3. Greater injury will be inflicted upon plaintiff by the denial of preliminary injunctive relief than would be inflicted upon defendant by the granting of such relief; and,

4. The public interest favors the issuance of this order; it is this _____ day of May 2007,

**ORDERED** that defendants are preliminarily enjoined, directly or indirectly, and whether alone or in concert with others, including any officer, agent, representative and/or employee of defendant until hearing and thereafter until further Order of this Court from denying plaintiff's consideration for a reduction of sentence pursuant to the RDAP program; and it is further

**ORDERED** that this Order shall remain in force and effect until such time as this Court specifically orders otherwise.

_____
DISTRICT JUDGE

Copies to:

Brian Shaughnessy
SHAUGHNESSY, VOLZER & GAGNER, P.C.
913 M Street, N.W.
Suite 101
Washington, D.C. 20005

U.S. Attorney for the District of Columbia
U.S. Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20001

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

ALVIN KOTZ,
Fed Reg. No. 16577-016
FPC CUMBERLAND
PO Box 1000
Cumberland, MD 21501-1000,

    Plaintiff,

    v.

HARLEY G. LAPPIN, DIRECTOR,
FEDERAL BUREAU OF PRISONS
320 First Street, N.W.
Washington, D.C. 20534,

FEDERAL BUREAU OF PRISONS,
320 First Street, N.W.
Washington, D.C. 20534

    Defendants.

Civil No. _____

## DECLARATION OF PAUL C. KURTZ

COMES NOW, Declarant Paul C. Kurtz and declares and says the following:

I am the Executive Director of Federal Inmate Advocates, a prisoner rights advocacy organization that assists inmates in obtaining legal rights. I am

not an attorney and I do not practice law. I declare the following information based on and from my own personal knowledge.

2. On October 31, 2005, plaintiff Kotz was sentenced in the District of Maryland to a term of 36 months incarceration. U.S. District Judge Deborah Chasanow, after a careful review of the Presentence Report, recommended to the Bureau of Prisons ("BOP") that plaintiff Kotz participate in its Residential Drug Abuse Program ("RDAP") during his incarceration.

3. In anticipation of Kotz's impending sentencing and incarceration, in July 2005 Samuel Betts was contacted at the BOP Mid-Atlantic Regional Office by Paul Kurtz of the Federal Inmates Advocate, who informed Mr. Betts that in December 1998 Kotz had successfully completed RDAP at FPC Cumberland, MD and was awarded a ten-month reduction of sentence.

4. Mr. Betts, an administrator in the BOP Regional Office, stated that, pursuant to current BOP regulations, Kotz's prior participation in the program would not have any effect on his eligibility for a sentence reduction under § 3621(e) should he be accepted into RDAP a second time.

5. On December 16, 2005, Mr. Kurtz wrote to Dr. Mark Simpson, BOP RDAP Regional Coordinator, to alert him that Kotz would be voluntarily surrendering at FPC Cumberland in January 2006 and to request that he act to insure Kotz's prompt participation in RDAP (Exhibit 1).

6. The Bureau of Prisons admitted plaintiff Kotz to the March 2006 "cohort" of RDAP at FPC Cumberland.

7. Subsequently, on January 23, 2006, Kotz was advised by the BOP authorities at FPC Cumberland that he was ineligible for a § 3621(e) sentence

reduction because of his prior RDAP participation and ensuing sentence reduction (Exhibit 2).

8. On February 23, 2006 Mr. Kurtz wrote to Dr. Simpson again, requesting that he overrule the RDAP Administrator at FPC Cumberland (Exhibit 3).

9. On October 11, 2006, John M. Vanyur, BOP Assistant Director for Correctional Programs, the final step in the BOP Administrative Remedy process, finally denied plaintiff Kotz' request to be placed in RDAP as a person eligible for the sentence reduction (Exhibit 4).

10. The BOP presently indicates, on its website, a projected release date for Kotz of August 17, 2008. Because all inmates who successfully complete RDAP are granted a six-month placement in a Residential Re-Entry Center ("RRC") - also known as a halfway house – Kotz is now projected to be released from FPC Cumberland and transferred to a RRC on or about February 17, 2008.

11. If Kotz were found to be eligible for the one-year 18 U.S.C. §3621(e) sentence reduction, he would be transferred from FPC Cumberland to the RRC on or about May 1, 2007, a date that has now passed.

I declare under penalty of perjury that the foregoing is true and correct. Executed on:

May 4, 2007

Devon, PA.

_____
Paul C. Kurtz

3