UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALVIN KOTZ<br>Federal Reg. No. 16577-016<br>FCI CUMBERLAND<br>PO Box 1000<br>Cumberland, MD 21501-1000,<br><br>   Plaintiff,<br><br>   v.<br><br>HARLEY G. LAPPIN, DIRECTOR,<br>FEDERAL BUREAU OF PRISONS<br>in his official capacity and as an individual<br>320 First Street, N.W.<br>Washington, D.C. 20534, and<br><br><br>FEDERAL BUREAU OF PRISONS,<br>in his official capacity and as an individual<br>320 First Street, N.W.<br>Washington, D.C. 20534,<br><br>   Defendants. | Civil No. 1:07-cv-856-RMU |

## OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

COMES NOW Alvin Kotz, by and through counsel, and submits this Opposition to Defendant's Motion to Dismiss. In support whereof, Plaintiff relies on the following.

In its Motion, Defendant claims that Mr. Kotz should not be granted the relief he seeks primarily[1] for Lack of Subject Matter Jurisdiction and Venue; Sovereign Immunity and Failure to Exhaust Administrative Remedies. Defendant is incorrect in its

---

[1] Plaintiff believes Defendant's other arguments, not addressed in this Opposition, have been addressed in plaintiff's Memorandum in Support of a Temporary Restraining Order, which is incorporated herein by reference.

assertions and this Court should order that the BOP consider Mr. Kotz's eligibility for a reduction of sentence under the RDASP program without reliance on the BOP invalid regulation.

1. **The United States Has Waived Its Sovereign Immunity and the Court Has Subject Matter Jurisdiction.**

    a) **Jurisdiction and Venue**

Jurisdiction is conferred on this Court by 18 U.S.C. § 3626(g) which provides, in pertinent part, for the court to provide relief for "the effects of actions by government officials on the lives of persons confined in prison." Accord Tanner v. Federal Bureau of Prisons, No. 06-0529 (RMU), Memorandum Opinion (5/17/2006 DCDC).

As defendant states, Habeas brought in the district where the inmate is incarcerated is proper when the issue is one involving the fact or duration of physical imprisonment. Here the issue is whether a BOP Central Office (Washington DC) ruling has deprived the inmate of consideration for a program benefit in violation of established rule-making procedures. Since the decision to deny consideration was made by the BOP Central Office, venue is proper in the district where the determination was made.

Mr. Kotz seeks application of a policy (Program Statement 5330.10) passed with due process under the Department of Justice rulemaking authority that would make him eligible for consideration of sentence reduction under RDAP. He was deprived of that opportunity by BOP's application of Program Statement 5331.01 (Defendant's Exhibit D, Program Statement D, 9/29/2003, Corrected Copy 10/3/2003), which was adopted without being published in the Federal Register in violation of the notice requirements set out in the Administrative Practices Act (Title V). Attachment "A" of the program statement is a recitation of 28 C.F.R. § 550.58 (CFR Regulation on Early Release), which

is the code provision that governs the program statement itself. Attachment "A" recites the identical language found in ¶ 6.1.3 of Program Statement 533.10 and makes no mention of ineligibility due to prior § 3621(e) sentence reduction.

Plaintiff challenges the adoption of the Program Statement 5331.01; that is, he seeks to show that the rulemaking process was defective and he should have nee n treated under the previous Program Statement, which made him eligible for a sentence reduction. In Lyle v. Sivley, 805 F. Supp. 755 (D. Ariz. 1992), the court determined that a direct challenge to a BOP action could not be brought, but that challenges to rulemaking would not be precluded by § 3625. Id. at 758–60. The court noted the general presumption that agency action is subject to judicial review unless Congress manifests "clear and convincing evidence" of intent to foreclose such review, *id.* at 758. Similarly in Wiggins v. Wise, 951 F. Supp. 614 (S.D.W.Va. 1996), a BOP policy which denied eligibility for early release under a drug treatment program provided for by 18 U.S.C. § 2621(e)(2) was challenged. The court noted that the legislative history of the statute favored judicial review of rulemaking, and also noted that the distinction between a "decision, determination [or] order" in § 3625 and a rule was "reinforced by the conspicuous failure of 18 U.S.C. § 3625 to preclude review under 5 U.S.C. § 533, the section governing rulemaking under the APA." Id. at 618.

Defendant has conditioned its assertion of lack of subject matter jurisdiction on its claim that plaintiff ultimately seeks a reduction in his sentence, which, perforce, has a probabilistic impact on the duration of his custody. If so--under Bourke v. Hawk-Sawyer, 269 F.3d 1082 (DC Cir. 2001) (BOP's determination that possession of a machine gun was a crime of violence making defendant ineligible for consideration under

3

RDAP) and Razzoli v. Federal Bureau of Prisons, 230 F.3d 371, 374-76 (D.C. Cir. 2000) (habeas is exclusive vehicle for federal prisoner's challenge to postponement of parole eligibility)—Mr. Kotz must seek relief under habeas. These cases are inapplicable since they treat only specific adjudications of the agency, not the general principle--the rulemaking process – raised by plaintiff.

Mr. Kotz seeks application of a policy (Program Statement 5330.10) passed with due process under the Department of Justice rulemaking authority that would make him eligible for consideration of sentence reduction under RDAP. He was deprived of that opportunity by BOP's application of Program Statement 5331.01, which was adopted without being published in the Federal Register in violation of the notice requirements set out in the Administrative Practices Act (Title V). Attachment "A" of the program statement is a recitation of 28 C.F.R. § 550.58 (CFR Regulation on Early Release), which is the code provision that governs the program statement itself. Attachment "A" recites the identical language found in ¶ 6.1.3 of Program Statement 533.10 and makes no mention of ineligibility due to prior § 3621(e) sentence reduction. Under the principles of Lyle and Wiggins, this court has jurisdiction and venue.

    **b)**     **Sovereign Immunity**

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." Webman v. Federal Bureau of Prisons, 441 F.3d 1022 (D.C.Cir. 03/28/2006). The federal government may waive its sovereign immunity by statute, but that waiver "must be unequivocally expressed in statutory text." Lane v. Peña, 518 U.S. 187, 192 (1996).

4

That statutory expression may be found in 18 U.S.C. § 3626 (a) (1) (A), (a) (1) (B), and (a) (2), as follows:

Sec. 3626. Appropriate remedies with respect to prison conditions

-STATUTE-(a) Requirements for Relief. -

(1) Prospective relief. - (A) Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

(B) The court shall not order any prospective relief that requires or permits a government official to exceed his or her authority under State or local law or otherwise violates State or local law, unless –

(i) Federal law requires such relief to be ordered in violation of State or local law;

(ii) the relief is necessary to correct the violation of a Federal right; and

(iii) no other relief will correct the violation of the Federal right.

(2) Preliminary injunctive relief. - In any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.

The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1) (B) in tailoring any preliminary relief. Preliminary injunctive relief shall automatically expire on the date that is 90 days after its entry, unless the court makes the findings required under subsection a) (1) for the entry of prospective relief and makes the order final before the expiration of the 90-day period.

Here, 18 U.S.C. § 3626 provides specific language that is the "sort of unequivocal waiver that our precedents demand," *Lane,* 518 U.S. at 198, because that Section, which sets out the "appropriate remedies with respect to prison conditions," as well as the requirements for prospective relief and preliminary injunctive relief, is not susceptible to more than one interpretation; *i.e.,* why would Congress include the statutory language of § 3626 in Chapter 229 (Postsentence Administration), Subchapter C (Imprisonment), if it did not intend the United States to waive its sovereign immunity in matters that are at issue under that statute? If a statute addresses litigation procedures involving injunctive relief pursuant to a specific statute, it must be readily obvious that the United States has agreed to be sued under the provisions of that statute.

Because § 3626 authorizes a suit against the United States, its sovereign immunity has been waived and this suit may proceed.

2.      **Program Statement 5331.01 is a Legislative Rule.**

Defendant cites American Mining Congress v. Mine Safety, 995 F. 2d 1106 (D.C. 1993) for the four prong test in this Circuit for determining whether a rule is interpretive or substantive.  As is evident from the facts the rule under consideration is substantive, not interpretive because American Mining finds that all four of its prongs must must be found affirmatively for a rule to be interpretive.  Here, prong 2) whether the agency has published the rule in the CFR and 4) whether the rule has effectively amended a prior rule are both found in the affirmative.  Accordingly, Program Statement 5331.01 is a legislative rule subject to the requirements of the  APA.

### 3. **The Program Statement is Arbitrary and Capricious**

The Program Statement 5331.01 abruptly without explanation reversed the consistent practice of at least five years.  That practice had provided the benefits of the RDAP program to all participants fully and without discrimination as to whether the inmate had previously been given a reduction.  Although there may be reasons for depriving an inmate of the a second chance at a sentence reduction, none have been articulated to justify the 180 degree reversal of a long-standing practice.  Accordingly, the change—regardless of its validity—is arbitrary and capricious.

### 3. **Plaintiff Has Sufficiently Exhausted Administrative Remedies.**

Plaintiff, directly and through Mr. Kurtz, has taken all reasonable steps to exhaust his administrative remedies, including making requests[2] to a variety of BOP officials that his eligibility for the full RDAP benefits be considered without reference to the invalid Program Statement. Even if he did not exhaust his remedies, the court should exercise its discretion to excuse exhaustion on grounds of futility. The court may excuse exhaustion on futility grounds when an adverse decision would be a "certainty," Randolph-Sheppard Vendors of Am. v. Weinberger, 795 F.2d 90, 105 (D.C. Cir. 1986), and when "resort to administrative remedies [would be] clearly useless." Commc'ns Workers of Am. v. AT&T, 40 F.3d 426, 432 (D.C. Cir. 1994).

This case presents adequate certainty of an adverse response to Kotz's administrative appeals: The Program Statement has been certainly adopted by the BOP and they have shown full intentions of adhering to it. See Knish v. Stine, 347 F. Supp. 2d

---

[2] Among those steps, outlined in defendant's Memorandum, was a letter to Dr. Simpson referring to a conversation with Mr. Betts.  Defendant infers that Mr. Kurtz and Mr. Betts were speaking only of Mr. Kotz's eligibility for RDAP, not the consequent sentence reduction.  Mr. Kurtz's Supplemental Declaration, attached hereto, clarifies that it was the sentence reduction that they were talking about.  A signed copy will be provided as soon as it can be gotten here.

682, 686–87 (D. Md. 2004) (excusing challenge to 2002 BOP policy on a futility basis); and Colton v. Ashcroft, 299 F. Supp. 2d 681, 689–91 (E.D. Ky. 2004) (same);  This is not a case where requiring exhaustion would afford the agency an opportunity to correct any errors, as the agency already has received ample opportunities to change its approach. Compare Booth v. Churner, 531 U.S. 731 (2006); and Porter v. Nussle, 534 U.S. 516 (2002)(both present actions that were capable of resolution within the administrative process).  Because further exhaustion by Kotz would be futile, he has sufficiently exhausted the administrative process.

    WHEREFORE, plaintiff requests that a preliminary injunction be entered requiring the Bureau of Prisons to reverse the denial of plaintiff's consideration for a reduction in sentence for plaintiff's participation in the RDAP program.

Respectfully submitted,

_____BWS_____
Brian W. Shaughnessy, DC 89946
913 M Street, N.W.
Suite 101
Washington, D.C. 20001
(202) 842-1700

Attorney for Plaintiff
Alvin Kotz

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 19th day of May 2007, I caused a copy of the foregoing pleading to be sent via the court's electronic filing system to AUSA Wyneva Johnson, 555 Fourth Street, NW, Washington, DC  20001.

_____/s/_____
Brian W. Shaughnessy

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALVIN KOTZ,<br><br>   Plaintiff,<br><br>   v.<br><br>HARLEY G. LAPPIN, DIRECTOR,<br>FEDERAL BUREAU OF PRISONS, et al.<br><br>   Defendants. | Civil No.  1:07-cv-00856-RMU |

**<u>ORDER</u>**

   Upon consideration of defendant's Motion to Dismiss, plaintiff Alvin Kotz's Opposition, and the entire record, it is hereby

   ORDERED, this ___ day of May 2007, that defendant's Motion to Dismiss is DENIED.

_____
**JUDGE**

9

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALVIN KOTZ
Fed Reg. No. 16577-016
FPC CUMBERLAND
PO Box 1000
Cumberland, MD 21501-1000,

    Plaintiff,
      v.

HARLEY G. LAPPIN, DIRECTOR,
FEDERAL BUREAU OF PRISONS
320 First Street, N.W.
Washington, D.C. 20534,

FEDERAL BUREAU OF PRISONS,
320 First Street, N.W.
Washington, D.C. 20534
    Defendants.

Civil No. 1:07-cv-00856-RMU

**SUPPLEMENTAL DECLARATION OF PAUL C. KURTZ**

    COMES NOW, Declarant Paul C. Kurtz and declares and says the following:

    I am the Executive Director of Federal Inmate Advocates, a prisoner rights advocacy organization that assists inmates in obtaining legal rights. I am not an attorney and I do not practice law. I declare the following information based on and from my own personal knowledge.

    1. I have reviewed the Memorandum in Support of Defendant's Motion to Dismiss and in Opposition to Plaintiff's Motions for a Temporary Restraining Order and a Preliminary Injunction filed in the above referenced case.

    2. I note that in its Memorandum, the Defendant recites portions of my Declaration of May 3, 2007 and states that, taken in conjunction with my letter

to Dr. Simpson of December 16, 2005, "it is clear that Mr. Kurtz's own contemporaneous understanding of his conversation with Mr. Betts was that Mr. Betts was referring to Mr. Kotz's eligibility for the RDAP program, not for a sentence reduction.

    3. I believe the government's assertion to be disingenuous. In fact, my own clear and unambiguous understanding of my conversation with Mr. Betts was, and is, that Kotz, if accepted into RDAP for a second time, would receive the § 3621(e) sentence reduction upon his successful completion of the program.

    4. Moreover, I also had a telephone conversation with Dr. Simpson shortly after my February 23, 2006 letter to him, in which I repeated the substance of my conversation with Mr. Betts and urged him again to overrule the RDAP at FPC Cumberland, Dr. Bryan.

At all times relevant to my discussions with staff of the BOP, it was my continuous understanding that all of the parties knew that we were discussing Kotz's eligibility for a second § 3621(e) sentence reduction – not merely his eligibility for participation in RDAP a second time.

Executed on:

    May 18, 2007


    Devon, PA.                           *Paul C. Kurtz /s/*
                                                 Paul C. Kurtz